WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: SUBPOENA TO Limelight, Inc. | No. MC-20-00059-PHX-DWL |
| IN CONNECTION WITH: | **ORDER** |
| Ancora Technologies Incorporated, | |
| Plaintiff, | |
| v. | |
| LG Electronics Incorporated, et al., | |
| Defendants. | |

This is the *third* court order requiring Limelight Networks, Inc. ("Limelight") to produce documents and provide deposition testimony as outlined in the July 2020 subpoena issued by Ancora Technologies, Inc. ("Ancora"). (Doc. 2-1 at 26-41; Doc. 11.) Limelight's failure to comply with court orders has wasted this Court's time as well as Ancora's. Limelight must comply with the subpoena within seven days of this order and show cause why it should not be held in civil contempt or sanctioned under the Court's inherent power to curb bad-faith litigation tactics.

## BACKGROUND

On June 21, 2019, Ancora initiated an action for patent infringement against LG Electronics Inc., and LG Electronics U.S.A., Inc. (collectively, "LGE") in the United States District Court for the Western District of Texas, Waco Division ("the Issuing Court"). (Doc. 2-1 at 3-18.)

In July 2020, Ancora served a subpoena on non-party Limelight. It required Limelight (1) to "designate one or more . . . persons" to testify on Limelight's behalf about the matters set forth in the attachments to the subpoena at a deposition scheduled for August 20, 2020 in New York,[1] and (2) to produce various "documents, electronically stored information, or objects" also set forth in the attachments to the subpoena. (*Id.* at 26.)

The attachments to the subpoena stated that "on or before 5:00 pm on August 13, 2020," Limelight was commanded to produce documents responsive to seven requests for production ("RFPs"). (*Id.* at 31-36.) The first two RFPs sought "[a]ll agreements" between Limelight and LG CNS America and LG CNS (Global) "related to the transmission, storage, or receipt of OTA[2] Updates in the United States." (*Id.* at 34-35.) The remaining five RFPs sought other documents, including, *inter alia*, "[a]ny communications and documents relating to the transmission, storage, or receipt of OTA Updates in the United States for devices made, used, imported, and/or sold by LGE, including communications with LG CNS (Global), LG CNS America, and/or LGE" and "[a]ll communications concerning and documents reflecting the performance of any agreement requested in Requests for Production Nos. 1-2." (*Id.* at 35.) The attachments to the subpoena also listed six Deposition Topics. (*Id.* at 40-41.)

The subpoena included the full text of subdivisions (c), (d), (e), and (g) of Rule 45 of the Federal Rules of Civil Procedure. (Doc. 2-1 at 28.) Rule 45(d)(2)(B) permits a person commanded to produce documents to serve written objections, after which the serving party may move for an order compelling production. (*Id.*) Rule 45(d)(3), in contrast, states that the only way to avoid a subpoena to provide deposition testimony is to file a timely motion to quash. Rule 45(g) provides that "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey

---

[1] Attachment B to the subpoena stated that "[t]he deposition will commence at such date, time, and location as is specified in the attached subpoena, or at such date, time, and location as is agreed to by the parties or ordered by the Court." (Doc. 2-1 at 39.)

[2] "OTA Updates" refer to updates to software or firmware using over-the-air technology. (Doc. 1 at 3.)

- 2 -

the subpoena or an order related to it." (*Id.* at 28.)

Finally, the Issuing Court's February 12, 2020 protective order, which addresses confidentiality issues regarding discovery, was attached to the subpoena. (*Id.* at 70-88.)

On August 10, 2020, Limelight served "responses and objections" to Ancora's subpoena, which consisted of objections only and contained no production responsive to the subpoena. (*Id.* at 90-102.) Limelight made 22 "general objections" intended to apply "to each and every instruction, definition, and request in Ancora's subpoena." (*Id.* at 91.) The general objections broadly raised nearly every conceivable objection to a subpoena, including: "failing to allow a reasonable time to comply and . . . a reasonable time and place for production," an objection to the definition of "Defendants," and objections to the RFPs "to the extent" that they are not relevant, not proportional, impose an undue burden, are duplicative, are available elsewhere, impose costs that should be borne by Ancora, are not in Limelight's custody or control, are vague, ambiguous, or overly broad, are not reasonably limited as to time, assume incorrect facts, are privileged or protected from disclosure by law, implicate confidentiality obligations that Limelight may owe to third parties, seek disclosure of commercially sensitive information, infringe on the privacy rights of Limelight or anyone else, exceed the scope of the Federal Rules of Civil Procedure or any applicable court order, regulation, or case law, require ongoing supplementation, or require the production of electronically stored information ("ESI") in a manner unacceptable to Limelight. (*Id.* at 91-95.)

Limelight also included a "response" to each RFP, but each response was a nearly identical set of objections. (*Id.* at 95-101.) Limelight objected to all of the RFPs except RFP 3 as "overly broad and burdensome." (*Id.*) Limelight also objected to various terms in every RFP as "vague and ambiguous" (without explaining what was vague or ambiguous about any term). (*Id.*) Limelight then included the following litany of boilerplate objections for each RFP:

> Limelight objects to this Request to the extent that it calls for the production of documents or things that are protected by the attorney-client privilege, the attorney work product doctrine, or any similar privilege or immunity. Limelight further objects to this Request to the extent that it seeks to shift the

- 3 -

>burden of discovery to a third party by seeking information or documents in the possession of a party to this action. Limelight also objects to this Request to the extent it is not relevant to any party's claim or defense or are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(*Id.*)

As for the "Deposition Topics," Limelight objected to each one "as overly burdensome on Limelight as a non-party, irrelevant to any party's claim or defense, and not proportional to the needs of the case" and further objected to the time and place for the deposition stated on the subpoena. (*Id.* at 95.) Limelight did not, however, file a motion to quash the subpoena.

Between August 10, 2020 and September 29, 2020, counsel for Ancora and Limelight communicated via email and telephone about the possibility that Limelight would produce at least some of the documents responsive to the subpoena. (*Id.* at 111-24.) However, on September 29, 2020, Limelight's counsel communicated that LG CNS did not grant "permission" to Limelight to produce the agreements compelled by the subpoena and that Limelight could not produce them "absent either consent or a court order, neither of which we have here." (*Id.* at 110.)

Ancora's counsel replied that Ancora would "unfortunately need to move to compel" and offered to do so in the Issuing Court to save "time and money briefing the issue," as the Issuing Court would "set a quick teleconference" and handle the matter on a hearing, due to its familiarity with the underlying action. (*Id.* at 109-10.)[3]

Limelight declined that offer and asserted that "a motion to compel against an unrelated third party such as Limelight would not be appropriate, and certainly not before Ancora has exhausted all available avenues of obtaining the information sought from the defendant or its related companies." (*Id.* at 109.)

Ancora's counsel responded that Limelight's "refusal to comply with the subpoena

---

[3] The Issuing Court has a procedure in place for resolving discovery disputes without briefing when possible. (Doc. 2-1 at 131.)

- 4 -

requires [Ancora] to move to compel" and expressed confusion as to why Limelight would decline "the relatively painless process [Ancora] proposed to get [Limelight] the 'court order' [Limelight] said [it] needed." (*Id.* at 108.) Ancora's counsel indicated that if Limelight refused this process, Ancora reserved its right to seek its costs in enforcing compliance with the subpoena. (*Id.*) Ancora's counsel further noted that "the subpoena itself" should give Limelight all it needs to produce under the terms of Limelight's agreement with LG CNS because "[a] subpoena *is* a court order" and cited various legal authority in support of that proposition. (*Id.* at 106-07.) Finally, Ancora's counsel confirmed that Ancora had already "exhausted all other avenues of relief." (*Id.* at 107.)

Ancora left the offer (to swiftly obtain a court order from the Issuing Court) open for a day, but Limelight rejected it. (*Id.* at 108, 106.)

Ancora drafted a motion for an order compelling compliance with the subpoena, or, in the alternative, to transfer and emailed the draft to Limelight on October 19, 2020, along with a request that Limelight inform Ancora by the following day whether Limelight would agree to produce the subpoenaed documents or consent to have the dispute heard by the Issuing Court. (*Id.* at 104-05.)

Limelight responded by reiterating that it would produce nothing and would not agree to have the dispute heard by the Issuing Court. (*Id.* at 104.) Limelight also responded to the assertion in the drafted motion that Limelight did not object to issuance of a court order by referencing Limelight's "general objections 14 and 15," (*id.*), which object to the RFPs "to the extent that they implicate confidentiality obligations that Limelight may owe to third parties" and "to the extent that they seek disclosure or production of proprietary, trade secret, confidential, or other commercially sensitive information or documents and things." (*Id.* at 94.)

On October 21, 2020, Ancora initiated this miscellaneous case by filing "Plaintiff's Application for an Order Compelling [Limelight] to Comply with Plaintiff's Subpoena, Or, in the Alternative, to Transfer." (Doc. 1.) In the first paragraph of the motion to compel, Ancora asked the Court "to issue an order enforcing Ancora's July 23, 2020 Subpoena"

- 5 -

and specified that "[b]y the Subpoena, Ancora seeks Limelight's contracts with LG CNS Co. Ltd. and/or LG CNS America, Inc. (the 'LG CNS Entities'), communications and documents relating to those contracts, and deposition testimony." (*Id.* at 2.)

On November 5, 2020, Limelight filed its response. (Doc. 8.) Although Limelight was vehemently opposed to transferring the case to the Issuing Court—stating "under no circumstances should the Court transfer the case" (*id.* at 5)—Limelight's opposition to the motion to compel was tepid, at best. Limelight explicitly took "no position" on the "appropriateness or necessity of producing the contract between Limelight and LG CNS." (*Id.* at 1.) Nor did Limelight take any position on the appropriateness or necessity of producing the communications and documents relating to those contracts and providing deposition testimony—indeed, Limelight did not mention these aspects of the subpoena at all, other than to assert, in a footnote, that Ancora did not "raise[] any issue concerning other documents during the meet and confer process." (*Id.* at 2 n.2.)

Rather, Limelight stated that it found itself "in a bind" because it believed itself to be "unable to simply produce documents because of contractual obligation to LG CNS." (*Id.* at 2.) The only reason Limelight provided for not previously complying with the subpoena was its confidentiality agreement with LG CNS, which Limelight believed was an impediment to complying with the subpoena "without LG CNS's consent or a court order." (*Id.*) But Limelight did not appear to be "in a bind" at all. Limelight's only concern—that to comply with the subpoena, Limelight needed LG CNS's consent *or a court order*—would be alleviated by the very relief Ancora was seeking in the motion to compel: a court order. And although Limelight asserted that it opposed the motion to compel, the entirety of Limelight's legal argument on this issue was focused on whether Limelight had to comply with the subpoena *in the absence of a court order*. (*Id.*) Thus, it appeared that issuance of a court order—the main relief Ancora was seeking in the motion to compel—was unopposed.

On November 6, 2020, Ancora filed a reply, which stated, "Limelight's opposition makes clear that Ancora's Application is not contested and should be granted." (Doc. 10

at 2.)

The Court agreed and granted the application that same day. (Doc. 11.) The Court's November 6, 2020 order stated, in its entirety:

> **IT IS ORDERED** that Plaintiff's Application for an Order Compelling Limelight Networks, Inc., to Comply with Plaintiff's Subpoena (Doc. 1) is granted. Limelight Networks, Inc. is ordered to produce the discovery set forth in the Subpoena (Exhibit 3 to the Seigel Declaration) on or before November 20, 2020.

(*Id.*)

That should have concluded this miscellaneous action, which existed solely for the purpose of seeking the exact relief that was granted.

Nevertheless, on December 9, 2020, Ancora filed *another* motion to compel Limelight's compliance with the very same subpoena (and with the November 6, 2020 order compelling compliance with the subpoena). (Doc. 12.) Ancora stated that "Limelight has produced only 16 contractual documents and told Ancora that it will not look for, much less collect and produce, any of the other documents this Court ordered, including any of Limelight's communications related to those contracts or its performance of them." (*Id.* at 2.) Ancora requested the same relief sought in the previous motion to compel and requested that the Court set a seven-day deadline. (*Id.*)

On December 23, 2020, Limelight filed its opposition to Ancora's second motion to compel. (Doc. 13.)

On December 28, 2020, Ancora filed its reply. (Doc. 14.)

## DISCUSSION

Limelight opposes the second motion to compel on the grounds that (1) Ancora's original motion to compel only sought—and the Court's November 6, 2020 order only ordered—production of contracts, and nothing else; (2) all of the other RFPs "are overly burdensome"; and (3) Ancora does not need the deposition testimony sought in the subpoena. (Doc. 13 at 1-2.)

…

…

I.     The Court's November 6, 2020 Order Meant What It Said

The Court can perceive no ambiguity in its November 6, 2020 order. The Court ordered Limelight to "produce the discovery set forth in the Subpoena (Exhibit 3 to the Seigel Declaration) on or before November 20, 2020." (Doc. 11.) The order included no limiting language, no caveat, no exceptions—it therefore referred to *all* of the discovery set forth in the subpoena.[4]

There is no need to look beyond the four corners of the Court's order to understand it. Nevertheless, the Court notes that its order granted the relief explicitly sought in the application: "Ancora seeks Limelight's contracts with LG CNS Co. Ltd. and/or LG CNS America, Inc. (the 'LG CNS Entities'), *communications and documents relating to those contracts, and deposition testimony*." (Doc. 1 at 2) (emphasis added).

Limelight argues that the original motion to compel, and the Court's November 6, 2020 order, must have been limited to only Limelight's contracts with LG CNS because the parties' "meet and confer efforts involved discussion of **only the contracts**." (Doc. 13 at 2.) Ancora disputes this characterization of the meet and confer efforts: "[A]lthough Ancora's subsequent meet-and-confer efforts focused on the few documents Limelight said it might produce, Ancora continued to make clear (as it had from the outset) that it sought all documents set forth in the Subpoena and that it would seek judicial relief as necessary." (Doc. 4.) At any rate, the content of the meet-and-confer efforts is unknown to the Court, and these out-of-court discussions are irrelevant to interpreting the Court's November 6, 2020 order. Ancora's application sought full compliance with the subpoena, and the Court's November 6, 2020 order required Limelight to fully comply with the subpoena. Full stop.

Limelight seems to argue that because Limelight limited its own response to the

---

[4] It is axiomatic that the word "discovery" refers to, *inter alia*, requests for production and deposition testimony. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 503 (1947) ("[T]he testimony of any person, whether a party or not, may be taken by any party by deposition upon oral examination or written interrogatories for the purpose of discovery . . . ."); *Garneau v. City of Seattle*, 147 F.3d 802, 805 (9th Cir. 1998) ("At the outset of discovery, the City served each plaintiff with a set of interrogatories and requests for production of documents."). Limelight does not argue to the contrary.

original motion to compel to the contracts and declined to address the other RFPs or the deposition testimony, this somehow limited the relief sought and granted. (Doc. 13 at 1.) Quite to the contrary—a party loses the opportunity to contest issues it fails to address.

## II. Limelight's Objections Are Waived

If Limelight believed that any aspect of the subpoena was overly burdensome, irrelevant, or objectionable in any manner aside from Limelight's concerns about breaching the confidentiality clause in its contract with LG CNS, Limelight should have made those arguments in its response to the original motion to compel. It did not do so. To the contrary, Limelight was emphatic about not making any objection aside from its concern about breaching the confidentiality clause: "Limelight is not contesting the relevance of the documents that Ancora seeks—only that a confidentiality agreement precludes Limelight from simply handing over the documents because it does not include an exception for responding to a subpoena." (Doc. 8 at 3.)

Limelight's objections are waived.

## III. Limelight's Request For Cost-Shifting Is Denied

Limelight should have brought its request for cost-shifting in its response to the original motion to compel. Moreover, the request is based on objections the Court has deemed waived. Limelight's belated request for cost-shifting is denied.

## IV. Limelight Shall Show Cause Why It Should Not Be Held In Contempt

In its most recent motion, Ancora noted that Limelight had failed to comply with this Court's November 6, 2020 order and that Limelight's conduct could merit contempt sanctions, but Ancora chose not to seek sanctions. (Doc. 12 at 6; Doc. 14 at 1.) Nevertheless, the Court agrees with Ancora that Limelight's "position is baseless and amounts to a willful refusal to comply with this Court's Order." (Doc. 14 at 3.) With or without a motion, this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Furthermore, Limelight's conduct throughout this litigation appears to have been in

bad faith. Limelight has played games, changing its position, engaging in delay tactics, and obdurately side-stepping expedient resolution of what should be a simple matter. The Court has the inherent power "to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980).

Limelight is ordered to file a written memorandum, not to exceed ten pages, showing cause why the Court should not hold Limelight in contempt pursuant to Rule 45(g) or levy sanctions pursuant to the Court's inherent power to curb abusive litigation practices. Prompt compliance with the subpoena will weigh heavily in the Court's determination of these issues.

Accordingly,

**IT IS ORDERED** that Ancora's motion to compel (Doc. 12) is **granted**.

**IT IS FURTHER ORDERED** that Limelight shall fully comply with the July 23, 2020 subpoena within seven days of the date of this order. Limelight's request for cost-shifting is denied.

**IT IS FURTHER ORDERED** that Limelight shall file, within fourteen days of the date of this order, a written memorandum, not to exceed ten pages, showing cause why the Court should not hold Limelight in contempt pursuant to Rule 45(g) or levy sanctions pursuant to the Court's inherent power to curb abusive litigation practices.

Dated this 21st day of January, 2021.

Dominic W. Lanza
United States District Judge